UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| BARRY BRYANT, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendant. | : | (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D) |
| | : | (Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Marijuana) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), 21 U.S.C. §§ 853(a) and (p), and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about July 14, 2022, within the District of Columbia, **BARRY BRYANT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2018-CF2-010743 and 2009-CMD-003984, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 29, Serial Number busv426, 10mm caliber semi-automatic firearm, and did unlawfully and

knowingly receive and possess ammunition, that is, 10mm caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about July 14, 2022, within the District of Columbia, **BARRY BRYANT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2018-CF2-010743 and 2009-CMD-003984, did unlawfully and knowingly receive and possess ammunition, that is, 10mm caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT THREE

On or about July 14, 2022, within the District of Columbia, **BARRY BRYANT**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

**(Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States

Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunitions involved in or used in the knowing commission of these offenses, including but not limited to a Glock 29, Serial Number busv426, 10mm caliber semi-automatic firearm, and 10mm caliber ammunition.

2.   Upon conviction of the offenses alleged in Counts One, Two, or Three of this indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

      **(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves*
Attorney of the United States in
and for the District of Columbia.